IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:23-CV-546-D

IN RE: ASSETS OF MARK JAMES MELAND,
ADAM MELAND, AND ALEXANDER MELAND

## TEMPORARY RESTRAINING ORDER

This matter is before this Court on the *ex parte* Motion of the United States of America for entry of a Temporary Restraining Order pursuant to 21 U.S.C. § 853(e)(2), which provides courts with jurisdiction to enter temporary restraining orders and take such other action in connection with any property or other interests subject to forfeiture to ensure availability for forfeiture for a period of 14 days.

It appearing to the Court that the information provided by the Government establishes probable cause for a belief that the following asset of Alexander Meland is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1), and it further appearing that the giving of prior notice by the Government of these proceedings would potentially jeopardize the availability of the property for forfeiture, it is, therefore:

ORDERED AND DECREED:

That effective immediately, MARK JAMES MELAND, ADAM MELAND, AND ALEXANDER MELAND, their respective agents, servants, employees, attorneys, family members, and those persons in active concert or participation with them, and any person or entity who has received or is holding personal property for them (hereafter collectively, "the parties"), be and are hereby

RESTRAINED, ENJOINED, AND PROHIBITED, without prior approval of

1

this Court and upon notice to the United States and an opportunity for the United States to be heard, from attempting or completing any action to sell, transfer, convey, assign, encumber, or otherwise attempting or completing any action that would affect or diminish the marketability or value of the following property:

- Real property known as 119 Pineview Court, Rockingham, NC 28379, titled in the name of Alexander Meland.

IT IS FURTHER ORDERED that, in the event that the parties, or any third party holding or controlling property for the parties, desires to transfer, convey, liquidate, or encumber any such property, and, if the United States consents to such transfer, the transfer may be made upon condition that all sale proceeds shall be placed in escrow in an account(s) approved by counsel for the United States. In the event that forfeiture is ultimately ordered, any funds received from the sale of property for the actual property forfeited shall be substituted for the actual property.

IT IS FURTHER ORDERED that, if any of the above-described property has been transferred or disposed of by any means (except for property seized by, or transferred or relinquished to the United States), the parties, or any person involved in the transfer or disposition of such property for or on behalf of the parties, shall account to the Court and the United States for the disposition and location of the property. Further, this Restraining Order applies with equal force and effect to restrain the transfer or disposition of the proceeds from said property.

IT IS FURTHER ORDERED that the United States, or the subjects of this Order, may seek modifications of this Order if it is deemed necessary by them to

preserve their interest in the subject property.

IT IS FURTHER ORDERED that the terms of this Restraining Order shall remain in full force and effect until 14 days of its entry unless extended by order of the Court.

A copy of the Government's *Ex Parte* Motion and Memorandum in Support of Pre-Indictment Temporary Restraining Order and ten certified copies of this Temporary Restraining Order shall be provided to the U.S. Attorney's Office. The United States Marshal or other authorized Agent shall serve the Order on all parties which may be affected by it, making prompt return of same to the Court. Should no hearing be requested by any of the parties prior to the expiration of 14 days, this Order shall be deemed extended for 90 days from the date of its issuance pursuant to 21 U.S.C. § 853(e)(1)(B).

SO ORDERED. This 17 day of October, 2023.

                                                                    JAMES C. DEVER III
                                                                    United States District Judge